11-435-pr
Carncross v. Poole

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 30th day of November, two thousand eleven.

PRESENT: DENNIS JACOBS,
                          <u>Chief Judge</u>,
            JOSÉ A. CABRANES,
            DEBRA ANN LIVINGSTON,
                          <u>Circuit Judges</u>.

- - - - - - - - - - - - - - - - - - - -X
James J. Carncross,
        <u>Petitioner-Appellant</u>,

        -v.-                                    11-435-pr

Thomas Poole, Superintendent, Five
Points Correctional Facility
        <u>Respondent-Appellee</u>.[*]
- - - - - - - - - - - - - - - - - - - -X

**FOR PETITIONER-APPELLANT:**   Stewart F. Hancock, Jr., Esq.,
                                Mitchell Goris & Stokes, LLC,

---

[*] The Clerk of Court is directed to amend the official caption as shown above.

Cazenovia, NY (Randi Juda Bianco, Esq., Bianco Law Offices, Syracuse, NY; Gregory W. Dewan, Esq., Cazenovia, NY on the brief)

**FOR RESPONDENT-APPELLEE:** Ashlyn Dannelly Beck, Assistant Attorney General, New York, NY (Eric T. Schneiderman, Attorney General of the State of New York; Barbara D. Underwood, Solicitor General; Roseann B. MacKechnie, Deputy Solicitor General for Criminal Matters, on the brief)

Appeal from the judgment of the District Court for the Northern District of New York (Kahn, J.) denying petitioner Carncross's petition for habeas corpus.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the District Court is **AFFIRMED.**

Petitioner James J. Carncross appeals from the denial of a writ of habeas corpus. He argued below that he was deprived of his right to his choice of counsel when his initial defense counsel was disqualified due to a conflict of interest and, separately, that his replacement counsel afforded ineffective assistance. The District Court granted a Certificate of Appealability as to his choice-of-counsel

2

claim. We assume the parties' familiarity with the underlying facts and the procedural history of the case.

We review de novo the denial of a habeas petition. Hawkins v. Costello, 460 F.3d 238, 242 (2d Cir. 2006). A district court reviews a habeas petition seeking vacatur of a state conviction under the rules set out in the Antiterrorism and Effective Death Penalty Act of 1996, which provides that a federal court may grant such a habeas petition only if the petitioner demonstrates that the state court's decision was (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," 28 U.S.C. § 2254(d). See Cullen v. Pinholster, -- U.S. --, 131 S. Ct. 1388, 1398 (2011).

As the District Court concluded, Carncross failed to establish that the trial court's disqualification of his initial defense counsel was unreasonable under clearly established Supreme Court authority or in light of the evidence presented. Initial defense counsel represented two grand jury witnesses who provided testimony inculpating Carncross. There was a substantial risk that those

3

witnesses would be called at trial, given that at the time the trial court disqualified counsel, the defense was unwilling to disavow strategies that would have been impaired by the testimony of these witnesses.

A defendant's "right to counsel of [his] choice 'is circumscribed in several important respects.'" United States v. Gonzalez-Lopez, 548 U.S. 140, 144 (2006) (quoting Wheat v. United States, 486 U.S. 153, 159 (1988)). Although a trial court "must recognize a presumption in favor of [a defendant's] counsel of choice, . . . that presumption may be overcome not only by a demonstration of actual conflict but by a showing of a serious potential for conflict." Wheat, 486 U.S. at 164. In such a case, "evaluation of the facts and circumstances . . . must be left primarily to the informed judgment of the trial court," id., which is afforded "substantial latitude" in rejecting waivers of conflicts of interest and disqualifying counsel, id. at 163.

Carncross has not shown that the trial court's decision was contrary to, or involved an unreasonable application of, clearly established Supreme Court authority in light of the circumstances of the case. Nor has Carncross established the same as to the New York Court of Appeals's decision, affirming the disqualification of Carncross's initial defense counsel.

Finding no merit in Carncross's remaining arguments, we hereby **AFFIRM** the judgment of the District Court.

                                   FOR THE COURT:
                                   CATHERINE O'HAGAN WOLFE, CLERK